**FILED**

July 09, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **OMONDILLO KHUSAN UGLI YULDOSHEV,** | § § § § § § | |
| **Petitioner,** | § § | |
| v. | § § | **NO. SA-26-CV-03784-OLG** |
| **WARDEN, South Texas ICE Processing Center, *et al.*,** | § § § § | |
| **Respondents.** | § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Omondillo Khusan Ugli Yuldoshev's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court must deny the Petition for the reasons below.

### I.    BACKGROUND

Based on the record, Petitioner is a citizen of Uzbekistan who was apprehended upon his entry into the United States on February 15, 2023. (Dkt. No. 1 at 6–7; Dkt. No. 1-1 at 3; Dkt. No. 4 at 2.) He was issued a Notice to Appear—which charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present . . . without being admitted or paroled" (Dkt. No. 1-1 at 3)—before he was released into the United States (Dkt. No. 1 at 7; Dkt. No. 4 at 2). Petitioner subsequently failed to appear for his removal proceedings and, as a result, was ordered removed *in absentia* by an immigration judge (IJ) on July 30, 2025. (Dkt. No. 4 at 2.) He was re-arrested

by ICE on December 2, 2025, and remains detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings.[1]

Petitioner, through counsel, initiated this action on June 12, 2026, seeking an order compelling his release or requiring that he be given a bond hearing, on the grounds that he may not be mandatorily detained consistent with the Immigration and Nationality Act (INA) and his right to due process. (*See* Dkt. No. 1 at 11–17.)

## II.    DISCUSSION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

---

[1] While Respondents dispute Petitioner's claim that the 2025 *in absentia* removal order is not yet administratively final, they ultimately defend the propriety of his detention under § 1225(b)(2)(A), "[g]iven that the habeas petition does not allege a final removal order or otherwise make a post-order claim under *Zadvyas*." (Dkt. No. 4 at n.3; *see id.* at 2–3.) In reply, Petitioner seeks to capitalize on what he misinterprets as an "internally inconsistent" "statutory theory" presented by Respondents that somehow entitles him to habeas relief, ignoring not only that the resolution of the "control[ling]" constitutional claim depends on whether he is detained by § 1225 or § 1231 but also that he, as the petitioner, is the one with the burden. (Dkt. No. 6 at 2; *see id.* at 7 (incorrectly asserting that because "Respondents' own premise is that the order is final" and because "they decline to defend under [§ 1231] . . . the detention fails")). The Court will address Petitioner's due process claim, as it is presented in the Petition, to detention under § 1225(b)(2)(A). And this is ultimately to Petitioner's benefit, as detention under that provision may last "ninety days but no longer without a bond hearing," *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), whereas detention under § 1231 must last at least 90 days and is presumptively reasonable for up to "six months," *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021).

**A.    Statutory Challenge to Application of 8 U.S.C. § 1225(b)**

Petitioner's statutory basis for relief (*see* Dkt. No. 1 at 15–16) has been foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez* and is therefore dismissed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").

**B.    Due Process Challenge to Mandatory Detention**

Petitioner also challenges his detention on constitutional grounds, arguing that his being mandatorily detained without an individualized custody review violates his due process rights. (Dkt. No. 1 at 11–15.) A divided panel of the Fifth Circuit has now agreed. *See Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *1 (5th Cir. July 2, 2026). In *Rodriguez*, the Fifth Circuit held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *6, *16. The Government must provide that hearing "within 90 days of the commencement of detention" and "articulate an individualized [non-conclusory] justification for further detention without bond." *Id.* at *16. That is what happened here.

Petitioner's detention commenced on December 2, 2025, and he received a custody redetermination on February 27, 2026. (Dkt. No. 1 at 10; Dkt. No. 4 at 2.) In denying Petitioner's request for release, the IJ explained that even "if it had bond jurisdiction it would find Petitioner a flight risk" based on "his non-appearance and the pending in absentia order." (Dkt. No. 1 at 10; *see* Dkt. No. 1-1 at 17 (finding that Petitioner "is a flight risk such that no bond should be set in his case")). Because the Government complied with its obligation to provide him with a bond hearing and an "individualized justification" for the denial of bond, the Court cannot find that

Petitioner's ongoing detention violates due process. *See Rodriguez*, 2026 WL 1906557, at *16 (holding that mandatory detention under 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention").

### III.   CONCLUSION

Based on the foregoing, Petitioner Omondillo Khusan Ugli Yuldoshev's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon entry of this Order.

**SIGNED** on July _____9_____, 2026.

ORLANDO L. GARCIA
United States District Judge

4